RECREATIONAL DEVELOPMENTS OF PHOENIX, an Arizona corporation; Robert Mutschler, a single person; Billie Markus, a single person; Frank Magarelli, a married man; Marlene Magarelli, a married woman;

984

Kimberly Marie Clay, a single person; Rodney Reedy, a married man; Beverly Reedy, a married woman; Elizabeth Butler; Jacquelyn M. Kowalski, a single person, Plaintiffs,

and

John Van Brunschot, a married man; Ruth Van Brunschot, a married woman, Plaintiffs—Appellants,

v.

CITY OF PHOENIX, an Arizona municipal corporation, Defendant—Appellee.

Recreational Developments of Phoenix, an Arizona corporation; Frank Magarelli, a married man; Marlene Magarelli, a married woman; Jacquelyn M. Kowalski, a single person, Plaintiffs—Appellants,

and

Robert Mutschler, a single person; Billie Markus, a single person; John Van Brunschot, a married man; Ruth Van Brunschot, a married woman; Kimberly Marie Clay, a single person; Rodney Reedy, a married man; Beverly Reedy, a married woman; Elizabeth Butler, Plaintiffs,

v.

City of Phoenix, an Arizona municipal corporation, Defendant—Appellee.

No. 02–16890, 02–16894.
D.C. No. CV–99–00018–ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 17, 2003.

Nicholas S. Hentoff, Esq., Hentoff Law Offices, Phoenix, AZ, for Plaintiffs.

John Van Brunschot, Ruth Van Brunschot, Mesa, AZ, for Plaintiffs–Appellants.

James Harden Hays, Esq., Phoenix City Attorney's Office, Phoenix, AZ, for Defendant–Appellee.

Before B. FLETCHER, TASHIMA, Circuit Judges, and POLLAK, District Judge.*

## MEMORANDUM **

Owners and patrons of social clubs catering to the "swinger lifestyle" ("the Clubs") and in which patrons engage in or view sexual acts brought this action challenging the constitutionality of ordinance G–4145 of appellee City of Phoenix ("the City") that bans such conduct. The district court entered summary judgment in favor of the City and the Clubs appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We first note that the Clubs have waived any challenge to the district court's decision on the constitutionality of the City's ordinance. The Clubs mentioned the constitutional issues only in passing in their opening brief, and conceded at oral argument that they chose to focus their arguments on the district court's evidentiary rulings. The mere mention of an issue is not sufficient to preserve that issue on appeal, see *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001), and we therefore do not address the constitutional issues.[1]

■ The district court did not abuse its discretion in excluding the "expert" testimony of Dr. Scherzer and Mr. Gould. Trial courts have broad latitude both in deciding *how* to test a purported expert's methodology and in determining *whether* the testimony is reliable. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152–153, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Moreover, "[i]t is the proponent of the expert who has the burden of proving admissibility." *Lust, By and Through Lust v. Merrell Dow Pharmaceuticals, Inc.,* 89 F.3d 594, 598 (9th Cir.1996). The district court was well within its discretion in finding that the Clubs had failed to show that the testimony of either Dr. Scherzer or Mr. Gould was sufficiently reliable to be admitted.

Similarly, the district court did not abuse its discretion in striking portions of the affidavits of the club owners in opposition to the motion for summary judgment.

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We recognize that the appellants in No. 02–16890 filed a *pro se* brief and that we generally construe such briefs liberally. *See Balistr-* eri *v. Pacifica Police Dep't.,* 901 F.2d 696, 698–99 (9th Cir.1988). In this case, however, the *pro se* appellants incorporated by reference the issues and arguments raised by the parties represented by counsel. *See* Brief of John and Ruth van Brunschot at 2, 4. We therefore find that the constitutional issues have been waived by all appellants.

Rule 56(e) of the Federal Rules of Civil Procedure requires such affidavits to be made "on personal knowledge," and the Clubs failed to show that the stricken portions met this requirement.

AFFIRMED.